NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALFREDO B. DOMINGUES ET AL., : | |
| : | |
| Plaintiff, : | **OPINION** |
| : | |
| v. : | Civil Action No. 00-5723 (WHW) |
| : | |
| NEW JERSEY TRANSIT, : | |
| : | |
| Defendant. : | |
| : | |

**Walls, Senior District Judge**

      Plaintiff moves to have this action returned to the active trial list. The motion is denied because the plaintiff has failed to show good cause for why the case should be reopened. Pursuant to the terms of the Court's November 2001 Dismissal Order and L. Civ. R. 41.1(b), the case is now dismissed with prejudice.

      **FACTS AND PROCEDURAL BACKGROUND**

      On November 17, 2000, plaintiff Jeffrey Krohn and numerous co-workers brought suit against New Jersey Transit claiming they sustained injuries while employed by the defendant. Federal jurisdiction was based on the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq. Plaintiffs alleged that they suffered from carpel tunnel syndrome and various other injuries as a result of defendant's negligence.

      **The Dismissal Order**

      On November 29, 2001, the Court ordered that "It appearing that it has been reported to the Court that the above-captioned matter has been settled....this action be and is hereby

**NOT FOR PUBLICATION**

dismissed, without costs and without prejudice to the right, upon good cause shown within 60 days, to reopen the action if the settlement is not consummated." This Order (the "November Order") was filed and the case was marked "closed" on November 30, 2001. According to plaintiff, on January 4, 2002, plaintiff's counsel sent a letter to this Court, which stated, in relevant part:

> Please note that Mr. Krohn's matter is not yet settled and it is requested that his matter, under the same civil action number, be reopened.
>
> By copy of this letter to Mr. Savage, attorney for New Jersey Transit, I am confirming that Krohn is not settled, but that we are making best efforts to resolve the matter as quickly as possible and anticipate that the matter will be either settled or we will be requesting it to be tried within forty-five (45) days.

Although the Court does not have any record of receiving this letter, the defendant has stipulated to receiving a copy of the letter at the time it was originally mailed. On February 28, 2002, the Court entered a Joint Stipulation of Dismissal with Prejudice, executed on behalf of certain plaintiffs. Mr. Krohn was not a party to this stipulation. No further orders were entered.

### Conduct Following Dismissal Order

Over the course of 2003, despite plaintiff's repeated delays, the parties continued to take discovery. In January 2003, plaintiff provided answers to interrogatories that apparently had been served at least a year-and-a-half earlier.[1] Following a long series of adjournments by plaintiff, defendant took Mr. Krohn's deposition in April of 2003.[2] Mr. Krohn submitted to an

---

[1] Plaintiff has not disputed defendant's account of these delays.

[2] Defendant states that the deposition was adjourned nine times; exhibits attached to Defendant's brief document at least eight adjournments.

**NOT FOR PUBLICATION**

independent medical evaluation, and the report from this examination and other expert reports were provided by defendant to plaintiff.

In mid-2004, plaintiff's lawyer spoke with New Jersey Transit Claim Agent Ronald Sassi. According to the declaration attached to defendant's brief, Mr. Sassi recalls only one conversation with plaintiff's counsel, in mid-2004. During that discussion, Mr. Sassi informed counsel that no settlement offer would be extended. While plaintiff initially implied that these discussions were multiple and ongoing, plaintiff's counsel conceded during oral argument that Mr. Sassi's account was accurate. The parties do not point to any additional activity on the case, apart from a Substitution of Attorney Mr. Krohn's attorney filed with the Court on August 6, 2004. The last two docket entries for this matter (before the current motion) are the February 28, 2002 Joint Stipulation of Dismissal with Prejudice followed by the August 6, 2004 substitution of attorney.

Until this present motion was filed in July 2006, Plaintiff never followed-up on his January 4, 2002 letter with the Court and made no contact with the Court. Neither party informed the Court that the parties were continuing to litigate the case, and all discovery after the November Order was conducted without any knowledge of, and oversight by the Court.

**State Court Action**

On February 7, 2006, plaintiff filed an action in New Jersey Superior Court encompassing the federal court claims as well as additional claims for "repetitive upper extremity injuries and aggravations." (Pl.'s Br. at ¶ 10.) Defendant filed a motion to dismiss the state court action. On June 23, 2006, the state court judge denied this motion without prejudice and stayed the matter

**NOT FOR PUBLICATION**

pending this Court's determination as to the status of the federal court action.  Plaintiff filed this motion on July 7, 2006.

### LEGAL STANDARD

Local Rule 41.1(b) provides the framework by which the Court may close a case in anticipation of settlement and by which a party may have that case reopened:

> **Rule 41.1 Dismissal of Inactive Cases**
> (b) When a case has been settled, counsel shall promptly notify the Clerk and the Court, thereafter confirming the same in writing.  Within 15 days of such notification, counsel shall file all papers necessary to terminate the case.  Upon failure of counsel to do so, the Clerk shall prepare an order for submission to the Court dismissing the action, without costs, and without prejudice to the right to reopen the action within 60 days upon good cause shown if the settlement is not consummated.

The Comment to the rule specifies that "[i]n those instances where, despite the best efforts of counsel and the parties, a settlement that appeared to have been achieved is not consummated, a motion to reopen must be filed with the Court, supported by an affidavit showing good cause why the matter should be reopened."  Lite, <u>N.J. Federal Practice Rules</u>, Comment 3 to L. Civ. R. 41.1(b).  The Court may deny a motion to reopen if the moving party fails to demonstrate good cause or fails to satisfy the requirements identified in the Comment.  <u>See</u> <u>Sander Sales Enterprises v. Saks, Inc</u>., Civ. No. 01-4794, 2006 WL 166500, at *2-3 (D.N.J. Jan. 20, 2006) (dismissal was proper where the defendant submitted a one-line letter instead of a motion and affidavit, did not address the "good cause" standard, and provided notice only to the Magistrate Judge).

**NOT FOR PUBLICATION**

Generally, courts view such conditional dismissal orders as ripening of their own accord once the time period has lapsed without any effort by the plaintiff to satisfy the conditions. Bernard Haldane Assoc. Inc. v. Harvard Professional Group, 185 F.R.D. 180, 182-83 (D.N.J. 1999); Berke v. Bloch, 242 F.3d 131, 135 (3d Cir. 2001). In interpreting a dismissal order containing language identical to the November 29, 2001 Order, the Third Circuit found that after the 60-day time period ended, the order matured into a final, appealable order. Berke, 242 F.3d at 135. Likewise, the District Court, applying L. Civ. R. 41.1(b), has held that such a dismissal order becomes a dismissal with prejudice at the termination of the fixed time period. Bernard Haldane, 185 F.R.D. at 181-83.[3]

However, the Third Circuit has held that where plaintiff makes an effort to comply with the conditions of a dismissal order, but the court fails to rule on whether the plaintiff satisfied those conditions during the applicable time frame, the court should not automatically deem the order to have matured into a dismissal with prejudice. Brennan v. Kulick, 407 F.3d 603 (3d Cir. 2005). In Brennan, the district court issued an order dismissing the plaintiff's complaint without prejudice and providing that if the plaintiff failed to comply with the case management order and

---

[3] The Third Circuit has warned that an order administratively closing a case that contains a built-in timetable under which the case may be dismissed cannot itself mature into a final judgment without entry of a separate dismissal order. WRS, Inc. v. Plaza Entertainment, Inc., 402 F.3d 424, 429 (3d Cir. 2005). The order in WRS administratively closing the matter explicitly stated that it was not a dismissal order, but nonetheless provided circumstances under which the case would be dismissed. Id. at 426. Here, the November Order clearly states that it is a dismissal order and carves out a 60-day period during which that dismissal is without prejudice. Accordingly, it is not clear that WRS would require entry of separate order here dismissing the case with prejudice. Given this Court's finding below that the November Order did not mature into a final order at the close of that 60-day period, it need not address this issue here.

-5-

**NOT FOR PUBLICATION**

the complaint was not reinstated within 30 days, the complaint would be dismissed with prejudice. Id. at 605. The plaintiff made some effort to comply within the time period, but the District Court never ruled upon whether the conditions had been satisfied. Id. at 608. Instead, the court dismissed the case with prejudice because it believed the statute of limitations had run before the conditional dismissal issued and was not tolled by that dismissal. Id. at 605-06. The Third Circuit reversed, finding that the statute of limitations was tolled by the conditional dismissal order at issue. Id. at 607. Accordingly, the question of whether the plaintiff could continue to pursue his claims hinged on whether the conditional order actually ripened into its final form: if the plaintiff satisfied the conditions of the order, "it never ripened into a final, appealable order." Id. at 608. The district court erred in dismissing the case with prejudice without considering whether the plaintiff complied with the conditions. Id.

### DISCUSSION

Here, it appears that the plaintiff made an effort to resuscitate his case during the 60-day window. Although the Court has no record of receiving plaintiff's January 4, 2002 letter, defendant has acknowledged that it received a copy of the letter at that time. For purposes of this analysis, the Court will assume that plaintiff mailed the letter to the Court in a timely manner.

While the circumstances in Brennan differ somewhat from those here, the Court finds that the general thrust of Brennan applies: where a party makes an effort to prevent a conditional dismissal order from maturing into a dismissal with prejudice, the court should not view the conditional order as having automatically ripened without considering whether the party's efforts were sufficient. Because this Court failed to consider whether the plaintiff satisfied the

**NOT FOR PUBLICATION**

conditions imposed by the November Order, it would be inequitable to simply deem the November Order as having ripened into a dismissal with prejudice at the end of that 60-day period.[4] See also Berke, 242 F.3d at 135 ("if [] the plaintiff makes no attempt to re-open the litigation, the order ripens into a final, appealable order upon the expiration of the fixed time period.") (emphasis added).

The Court finds that Mr. Krohn's case was dismissed without prejudice in November 2001 and has remained in that state ever since. In other words, the 60-day period was effectively tolled until the Court's ruling today. Given that more than four-and-a-half-years have passed since plaintiff's initial request that the matter be reopened, the Court will not attempt to turn the clock back and speculate as to how circumstances might have changed had the Court considered Mr. Krohn's original letter when it was mailed in 2002. The question of whether plaintiff's January 2002 letter would have satisfied the "good cause" standard had the Court reviewed the letter in January of 2002 is not relevant to the present analysis. Instead, the Court will assess whether Mr. Krohn's current request to be returned to the active trial list satisfies the conditions of L. Civ. R. 41.1(b) and the November Dismissal Order. The relevant inquiry is whether plaintiff, by his current motion and in light of all the events since November 2001, has demonstrated "good cause" to have his case reopened.

---

[4] Accordingly, the Court need not consider whether WRS, 402 F.3d 424, would require entry of a separate final order. This approach also resolves any potential confusion arising from the fact that some parties, not including Mr. Krohn, entered a Joint Stipulation of Dismissal with Prejudice on February 28, 2002.

**NOT FOR PUBLICATION**

As far as this Court is aware, between January 4, 2002 and July 7, 2006 – when this motion was filed – plaintiff never informed the Court that the parties were continuing to litigate. The only exception was the substitution of attorney – filed in 2004. Until this current motion, the plaintiff never communicated with this Court with regard to his January 4, 2002 letter. Plaintiff failed to do so even though the docket reflected that the case remained closed. He failed to do so even though he wrote in the January 4, 2002 letter that he would request that the matter be tried within 45 days if it did not settle. Although the parties continued to engage in some discovery in 2003, plaintiff was dilatory in complying with discovery requests: he responded to interrogatories a year-and-a-half after they were served and caused his deposition to be adjourned close to ten times. As noted, such discovery was conducted outside the knowledge and supervision of the Court. From 2004 until 2006, plaintiff appears to have essentially abandoned his case.

Plaintiff has been unable to provide any satisfactory excuse for his failure, over more than four years, to take any steps to ensure that the matter was reopened, for his dilatory conduct during discovery, and for his lack of prosecution from 2004 until this motion – filed in July of 2006. His decision to file an overlapping case, encompassing the federal claims, in state court this year is inconsistent with any intention to continue the federal case. Consequently, plaintiff has failed to demonstrate good cause that this matter be reopened. Instead, pursuant to the terms of the November Order as well as L. Civ. R. 41.1(b), plaintiff's case is dismissed with prejudice, effective today.

**NOT FOR PUBLICATION**

Although plaintiff does not appear to have made his motion under Fed. R. Civ. P. 60, it is worth noting that his motion would fare no better under Rule 60.  Rule 60(b) only provides relief from final, appealable orders, and this Court has already found that the November Order did not mature into a final order in 2002.  See Penn West Assoc. Inc., v. Cohen, 371 F.3d 118, 124-25 (3d Cir. 2004); Brennan, 407 F.3d. at 606-07.  Even were the Court to decide that the November Order did ripen into a final order in 2002, plaintiff would be time-barred from taking advantage of the applicable provision – (b)(1) – which provides relief within one year "from a final judgment, order, or proceeding" on account of "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  Plaintiff also would not find comfort in Rule 60(a), which allows the Court to correct "clerical mistakes" at any time.  Fed. R. Civ. P. 60(a);  See also Pfizer Inc. v. Uprichard, 422 F.3d 124, 129-30 (3d Cir. 2005) (Rule 60(a) encompasses only errors "mechanical in nature, apparent on the record, and not involving an error of substantive judgment.") (citations omitted).  In rendering today's opinion, the Court already assumes that it received the letter in January 2002.  Even if the docket were corrected to reflect the receipt of this letter, the Court would still decline to reopen the matter given the intervening time and events.

**CONCLUSION**

For the preceding reasons, defendant's motion to return to the active trial list is denied and the case is hereby dismissed with prejudice.

s/William H. Walls
United States Senior District Judge

**NOT FOR PUBLICATION**

**Appearances**
For plaintiff:
J. Michael Farrell
5 North Clinton Street
Wenonah, NJ 08090

For defendant:
Louis A. Ruprecht
Ruprecht, Hart & Weeks, LLP
306 Main Street
Millburn, NJ 07041